UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

NIA MILLS                                                         CIVIL ACTION

VERSUS                                                            NO. 22-193-BAJ-EWD

WILLIAM ALLEN CONNELLY, ET AL.

## RULING AND ORDER

Before the Court is a Motion to Strike Portions of Plaintiff's First Amended Complaint ("Motion"),[1] filed by Sheriff Mike Cazes, William Connelly, and John Gaudet (collectively, "Defendants"). Plaintiff opposes the Motion,[2] which will be granted in part.[3]

**I.     BACKGROUND**

Nia Mills ("Plaintiff") originally filed this suit on March 22, 2022, alleging that she was engaged in an unnecessarily "prolonged detention and invasive searches, among other abuses and violations of the federal and Louisiana constitutions"[4] related to a traffic stop by Defendant Connelly, a deputy with the West Baton Rouge Parish Sheriff's Office, on March 26, 2021, while Plaintiff was traveling with her partner from Jackson, Mississippi to Houston, Texas.[5]

More than a year after the original Complaint was filed, Plaintiff sought leave to amend.[6] The proposed amended complaint sought to add claims on behalf of Catchings for excessive force, aggravated battery, negligent hiring, intentional infliction of emotional distress, and to specifically

---

[1] R. Doc. 134.
[2] R. Doc. 147.
[3] A motion to strike is not among the motions expressly excluded from direct ruling by a magistrate judge under 28 U.S.C. § 636(b)(1)(A). Further, as motions for leave to amend are generally considered nondispositive in nature (*see, e.g., Bona Fide Demolition and Recovery, LLC v. Crosby Construction Co. of La., Inc.*, 07-3115, 2010 WL 4176858, *1 (E.D. La. Oct. 20, 2010) (collecting cases)), it follows that motions to strike amended complaints are also nondispositive. Accordingly, a direct ruling is issued on the Motion.
[4] R. Doc. 1, ¶ 2.
[5] *Id.*, ¶ 5. The partner has since been identified as Cory Catchings ("Catchings"). *See, e.g.,* R. Doc. 63-1, ¶¶ 7-8.
[6] R. Doc. 63.

1

add some additional claims on behalf of Plaintiff for unreasonable searches of her purse, Cash App account, and rental car, and for conversion of Plaintiff's rental car. The proposed amendment also sought to assert a claim for unlawful seizure of $3,500.00 on behalf of Plaintiff and Catchings.

This Court denied the request to add Catchings' claims as futile because they would not be timely based on Louisiana's one-year prescriptive period, but permitted Plaintiff to add her additional claims, including the claim that $3,500.00 was improperly seized from her by the West Baton Rouge Parish Sheriff's Office. Plaintiff was ordered to file a comprehensive amended complaint that deleted any claims to be asserted on behalf of Catchings.[7] Defendants now seek to strike portions of Plaintiff's First Amended Complaint ("Amended Complaint").[8] As grounds, Defendants allege that the Amended Complaint contains allegations, including scandalous character attacks against Defendant John Gaudet, related to Cory Catchings that are not relevant, as well as facts related to a Louisiana Public Records Act claim against Zachary Simmers and Sheriff Cazes that she has voluntarily dismissed, and impermissibly seeks declaratory relief, although she lacks standing to do so. The primary focus of the Motion is the effort to strike the information related to Catchings. Because Plaintiff sought reconsideration of the Order denying as futile her attempt to add Catchings' claims, the Court paused ruling on the Motion. As the Court has now denied Plaintiff's request for reconsideration,[9] the Motion is ripe. Shortly after filing the Motion, Defendants filed a Partial Motion to Dismiss for Lack of Subject Matter Jurisdiction Pursuant to Fed. R. Civ. P. 12(b)(1) and Failure to State a Claim Pursuant to Fed. R. Civ. P.

---

[7] R. Doc. 127.
[8] Specifically, Defendants seek to strike the following: paragraphs 4, 6, 10, 11, 12, 13, 18, 19, 20, 56-82, 96, 99, 100, 101, 116, 136, 137-147, 160, 161, and 185-190, on the basis that these paragraphs pertain to Cory Catchings' claims; (2) the section entitled "Defendant Gaudet's Documented History of Violence," and paragraphs 148-155 arising under that section, (3) the section entitled "Public Records Requests on Behalf of Plaintiff," and paragraphs 169-190 arising under that section, (4) Plaintiff's request for "Injunctive relief and/or issuance of a writ of mandamus requiring the production of copies of the public records identified above," as Plaintiff has abandoned her claim under the Louisiana Public Records Act; and (5) Plaintiff's request for declaratory relief.
[9] R. Doc. 161.

2

12(b)(6), or, alternatively, Motion to Stay Proceedings,[10] and they answered the Amended Complaint.[11]

## II.  LAW & ANALYSIS

### A.  Standard on Rule 12(f) Motions to Strike

Under Fed. R. Civ. P. 12(f), the court may strike "from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." A district court "possesses considerable discretion in disposing of a Rule 12(f) motion to strike."[12] Motions to strike "should be granted only when" the mover shows (1) that "the pleading to be stricken has no possible relation to the controversy," and (2) that the "presence of the challenged allegations in the pleading through the proceeding will be prejudicial."[13] "Any doubt about whether the challenged material is redundant, immaterial, impertinent, or scandalous should be resolved in favor of the non-moving party."[14] Accordingly, "[t]his standard is a 'heavy burden' and a 'high bar.'"[15] Indeed, "motions to strike under Rule 12(f) are disfavored and should be used sparingly by the courts because they are considered a drastic remedy to be resorted to only when required for the purposes of justice."[16]

---

[10] R. Doc. 136.
[11] R. Doc. 137.
[12] *Snearl v. City of Port Allen*, No. 21-455, 2022 WL 2129088, at *13-14 (M.D. La. June 14, 2022), quoting 5C Arthur R. Miller & A. Benjamin Spencer, *Federal Practice and Procedure* (Wright & Miller) § 1382 (3d ed. 2022). *See also U.S. v. Coney*, 689 F.3d 365, 379 (5th Cir. 2012) (stating that the Fifth Circuit "review[s] a district court's ruling on a motion to strike for abuse of discretion."). *See also Frank v. Shell Oil Co.*, 828 F.Supp.2d 835, 852 (E.D. La. 2011), *reconsideration granted in part on other grounds*, No. 11-871, 2012 WL 1230736 (E.D. La. Apr. 12, 2012) ("The decision to grant or deny a motion to strike lies within the sound discretion of the trial court." (citations omitted)).
[13] *Snearl*, 2022 WL 2129088, at *14 (internal citations and quotations omitted). *See also Frank*, 828 F.Supp.2d at 852 ("A motion to strike should be granted only when the 'allegations are prejudicial to the defendant or immaterial to the lawsuit.'" (citations omitted)); Wright & Miller, *supra*, at § 1382 ("[T]here appears to be general judicial agreement…that [motions to strike] should be denied unless the challenged allegations have no possible relation or logical connection to the subject matter of the controversy and may cause some form of significant prejudice to one or more of the parties to the action.").
[14] *Snearl*, 2022 WL 2129088, at *15, quoting Wright & Miller, *supra*, at § 1382.
[15] *Snearl*, 2022 WL 2129088, at *14, quoting *Gilchrist v. Schlumberger Tech. Corp.*, 321 F.R.D. 300, 302 (W.D. Tex. 2017) and *Global Adr, Inc. v. City of Hammond*, No. 03-457, 2003 WL 21146696, at *1 (E.D. La. May 15, 2003).
[16] *Frank*, 828 F.Supp.2d at 852 (internal quotations and citations omitted). *See also Snearl*, 2022 WL 2129088, at *15 (stating, "[T]he action of striking a pleading should be sparingly used by the court. [S]triking a portion of a pleading is a drastic remedy. Consequently, motions under Rule 12(f) are viewed with disfavor and are infrequently granted." (internal quotations and citations omitted)).

3

**B.    Some Portions of the Amended Complaint Will Be Stricken**

    1.   The Allegations Related to Cory Catchings Will Not Be Stricken

Defendants seek to strike paragraphs 4, 6, 10, 11, 12, 13, 18, 19, 20, 56-82, 96, 99, 100, 101, 116, 136, 137-147, 160, 161, and 185-190. Defendants argue that these paragraphs pertain to Catchings' claims that were not permitted to be brought in this case. In response, Plaintiff contends that Defendants have previously relied on Catching's presence at the traffic stop, as well as his subsequent flight and encounter with Gaudet, such that they cannot establish that these allegations have no possibility of relevance to Plaintiff's claims.[17]

Although Catchings was not identified by name, the original Complaint contained several references to Plaintiff's "partner," who was with her at the time of the traffic stop that forms the basis of her claims.[18] According to the original Complaint, Connelly arrested Plaintiff because Catchings fled the scene of the traffic stop.[19] The car Plaintiff and Catchings were in was searched by officers after Catchings fled. Plaintiff also originally claimed that Gaudet initially told her he had killed Catchings after he fled, but then intimated that he had not killed Catchings, but had beaten him.[20] Plaintiff also initially claimed improper seizure of $3,500 in cash, belonging to her and to Catchings.[21] Defendants did not move to strike any of these references in the original Complaint and the Amended Complaint contains many of the same allegations.[22] Plaintiff is also correct that Defendants have relied on some of the allegations regarding Catchings. For example, Defendants sought to stay this proceeding in September 2022, pending conclusion of Catchings' criminal proceedings. In support of a stay, Defendants represented that "[e]ach and every one of

---

[17] R. Doc. 147.
[18] *See, e.g.,* R. Doc. 1, ¶¶ 23-26, 30, 37-41, and 78-79.
[19] R. Doc. 1, ¶¶ 38-43.
[20] R. Doc. 1, ¶¶ 52-54.
[21] R. Doc. 1, ¶ 78.
[22] *See, e.g.*, R. Doc. 130, ¶¶ 11 & 75 (alleging that officers seized the $3,500 in cash from Catchings).

4

the charges lodged against Catchings is in connection with the March 22, 2022 traffic stop that is at the heart of this litigation," and suggested that, although Plaintiff complains about the duration of the traffic stop, Catchings' actions were the reason for the duration of the stop.[23] Defendants have also sought dismissal of Plaintiff's claim for unlawful seizure of $3,500. As one basis for dismissal of this claim, Defendants contend that the seizure was incident to Catchings' arrest.[24] Catchings' involvement is sufficiently intertwined with Plaintiff's claims (and Defendants' defenses), such that the references to Catchings in the Amended Complaint are not subject to striking under Fed. R. Civ. P. 12(f).

> 2. The Allegations Related to Defendant Gaudet's "History of Violence" Will Be Stricken

Defendants also seek to strike the references to Gaudet's "history of violence" in paragraphs 148-155. They claim this information has no bearing on the claims in this case and was included to humiliate and bastardize Gaudet.[25] These allegations are new to the Amended Complaint and purport to document instances of violence in his background before he was hired by the West Baton Rouge Parish Sheriff's Office. To be legally scandalous for purposes of Rule 12(f), "it is not enough that the matter offends the sensibilities of the objecting party" or the person who is the subject of the statements in the pleading, "if the challenged allegations describe acts or events that are relevant to the action."[26] "'Scandalous' in Rule 12(f) 'generally refers to any allegation that unnecessarily reflects on the moral character of an individual or states anything in repulsive language that detracts from the dignity of the court.'"[27]

---

[23] R. Doc. 41-1, p. 3.
[24] R. Doc. 136-1, pp. 11-12.
[25] R. Doc. 134-1, p. 3.
[26] 5C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1382 (3d ed. 2004).
[27] *Jackson v. Wray*, No. 23-558, 2023 WL 3635632 (N.D. Tex. May 24, 2023), citing *Florance v. Buchmeyer*, 500 F.Supp.2d 618, 645 (N.D.Tex.2007) (quoting *Cobell v. Norton*, 224 F.R.D. 266, 280 (D.D.C. 2004), rec. adopted, 500 F.Supp.2d at 624 (N.D.Tex.2007)).

Regarding the allegations about Gaudet's history, Plaintiff argues that, while possibly immaterial to the traffic stop at issue, such allegations are material to her failure to supervise claims against Defendant Sheriff Cazes, and that the allegations are not "legally scandalous," because they do not "use repulsive language" or "amount to inappropriate name calling."[28]

Plaintiff asserts a claim against Defendant Sheriff Cazes for failure to supervise officers in connection with unconstitutional searches and seizures.[29] Specifically, Plaintiff complains that sheriff's officers "displayed a cavalier disregard for her Fourth Amendment right to be free from unreasonable search and seizure," based on a "culture of aggressive search and seizure of drivers and their property" that "results from the failure of Defendant Sheriff Cazes to supervise officers as to their clear constitutional duty to not subject citizens to unreasonable searches and prolonged seizures."[30]

The allegations in paragraphs 148-155 of the Amended Complaint will be stricken. As noted by Defendants, Plaintiff is not bringing an excessive force claim against Gaudet. Any alleged history of documented violence on Gaudet's part does not appear relevant to Plaintiff's claims for supervisory liability against Sheriff Cazes regarding unreasonable searches and seizures.[31] The allegations are certainly not relevant enough to Plaintiff's claims to warrant inclusion of

---

[28] R. Doc. 147, p. 12, citing *Gilchrist*, 321 F.R.D 300.
[29] R. Doc. 130, ¶¶266-273.
[30] *Id.*, ¶¶ 268-270.
[31] Official liability claims are separate and distinct from the individual supervisory liability claims. *Compare Pineda v. City of Houston*, 291 F.3d 325, 328 (5th Cir. 2002) (explaining that *Monell* claims require "(1) an official policy (or custom), of which (2) a policy maker can be charged with actual or constructive knowledge, and (3) a constitutional violation whose 'moving force' is that policy (or custom)"), with *Gates v. Tex. Dep't of Protective & Regulatory Servs.*, 537 F.3d 404, 435 (5th Cir. 2008) (observing that a claim for an individual supervisor's liability requires that the supervisor "affirmatively participates in the acts that cause the constitutional deprivation, or (2) he implements unconstitutional policies that causally result in the constitutional injury"). Under either theory, when the purported constitutional violation arises from a policy, a plaintiff is generally required to show a pattern of similar constitutional violations by untrained employees. *Hutcheson v. Dallas Cnty., Texas*, 994 F.3d 477, 482 (5th Cir. 2021), quoting *Connick v. Thompson*, 563 U.S. 51, 62 (2011). The prior acts must be fairly similar to what ultimately transpired. *Estate of Davis ex rel. McCully v. City of North Richland Hills*, 406 F.3d 375, 383 (5th Cir. 2005) (citations omitted).

6

information that "unnecessarily reflects" on Gaudet's "moral character," which is prejudicial to Gaudet.

### 3. The Public Records Act Claim and Related Allegations Will Be Stricken

Defendants also seek to strike paragraphs 169-190, which relate to certain public records requests, as well as the corresponding prayer for "[i]njunctive relief and/or issuance of a writ of mandamus requiring the production of copies of the public records identified above." The Amended Complaint contains a footnote that Plaintiff voluntarily dismisses her Louisiana Public Records Act claim,[32] and Plaintiff does not oppose striking paragraphs 169-190 or the prayer for injunctive relief related to the public records request. Accordingly, those paragraphs of the Amended Complaint will be stricken.

### 4. Plaintiff's Request for Declaratory Relief Will Not Be Stricken

Lastly, Defendants seek to have Plaintiff's request for declaratory relief stricken insofar as the request does not relate to an ongoing issue, but instead to an alleged past event ("Defendants' conduct violated the U.S. and Louisiana Constitution"). Defendants also seek dismissal of Plaintiff's request for declaratory relief in their pending motion to dismiss.[33] As the relief sought is more properly brought via that procedure, the request for declaratory relief in the Amended Complaint will not be stricken at this time.

### III.   CONCLUSION

Because Defendants have of established that certain portions of Plaintiff's Amended Complaint should be stricken,

---

[32] R. Doc. 30, n. 3.
[33] R. Doc. 136-1, pp. 13-14.

**IT IS ORDERED** that the Motion to Strike Portions of Plaintiff's First Amended Complaint,[34] filed by Defendants Sheriff Mike Cazes, William Connelly, and John Gaudet, is **GRANTED IN PART**, as follows:

a. Heading J. Defendant Gaudet's Documented History of Violence and Paragraphs 148-155; and

b. Heading L. Public Records Requests on Behalf of Plaintiff and Paragraphs 169-190; as well as paragraph F in the Prayer for Relief

are **STRICKEN**. The Motion is denied in all other respects.

Signed in Baton Rouge, Louisiana, on March 26, 2024.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[34] R. Doc. 134.