# Exhibit 23



Planet Depos
We Make It *Happen*™

# Transcript of John Gaudet

**Date:** September 14, 2023
**Case:** Mills -v- Connelly, et al.

**Planet Depos**
**Phone:** 888.433.3767
**Email:** transcripts@planetdepos.com
**www.planetdepos.com**

WORLDWIDE COURT REPORTING & LITIGATION TECHNOLOGY

1          UNITED STATES DISTRICT COURT
      FOR THE MIDDLE DISTRICT OF LOUISIANA
2

3

NIA MILLS
4                                          PLAINTIFF

5

V.                          CASE NO. 22-193-BAJ-EWD
6

7   WILLIAM ALLEN CONNELLY;
    JOHN GAUDET; VANCE
8   MATRANGA, JR., SHERIFF
    MICHAEL CAZES; ZACHARY
9   SIMMERS; JOHN DOES 1-4
                                          DEFENDANTS
10

11
          VIDEO DEPOSITION OF JOHN GAUDET
12

13
       Taken at the instance of the Plaintiff at
14  Frosch, Rodrigue, Arcuri, LLC, 1615 Poydras Street,
      Suite 1250, New Orleans, Louisiana, on Thursday,
15               September 14, 2023,
               beginning at 9:10 a.m.
16

17

18

19

20

21

22

23

24                  REPORTED BY:

25    A. VIRGINIA "GINGER" BROOKS, CCR #2010023

```
1            VIDEOGRAPHER:  This is the video

2       deposition of John Gaudet taken in the matter

3       of Nia Mills versus William Connelly, et al.

4       Today's date is September 14th, 2023.  The

5       time now is 9:10 a.m.  Counsel may now

6       introduce themselves for the record, after

7       which the court reporter will swear in the

8       witness.

9            MS. DOMENICHELLI:  My name is Vanessa

10      Domenichelli, and I represent the plaintiff,

11      Nia Mills in this action.  I'm with Social

12      Justice Legal Foundation.

13            MS. PAUKSTIS:  My name is Elizabeth

14      Paukstis.  I represent the plaintiff for

15      Social Justice Legal Foundation.

16            MR. JONES:  Leslie Faith Jones, I'm with

17      the Southern Poverty Law Center and I

18      represent Nia Mills the plaintiff.

19            MR. WIXOM:  Jason Wixom and I represent

20      all defendants in this matter.

21                      JOHN GAUDET,

22  having been first duly sworn, was examined and

23  testified as follows:

24            MR. WIXOM:  As a preliminary matter, I

25      just want to note for the record that the
```

1   observed what Corporal Connelly was pointing out,

2   and that was it.  I mean, was there something on

3   the seat, I don't recall.

4        Q.   Nothing that -- additional other than

5   the marijuana residue that you saw around the

6   center console.  You didn't see any residue on the

7   seat that you noticed?

8        A.   If there was, I didn't pay attention to

9   it.  I looked where he showed me, and that was it.

10       Q.   And you didn't notice any residue on the

11  floor?

12       A.   Just down that -- that hump.

13       Q.   You didn't notice any bags or anything

14  of marijuana in the vehicle?

15       A.   I don't recall seeing any.

16       Q.   Were there any clothes in the front of

17  the vehicle in the passenger's side?

18       A.   I don't recall.

19       Q.   Did you recall seeing any clothes on the

20  driver's side of the vehicle?

21       A.   I don't recall.

22       Q.   Or other large objects?

23       A.   I don't recall.

24       Q.   Did you observe whether Ms. Mills had a

25  purse or other belongings in the car?

1          A.    I don't recall.

2          Q.    Did there come a time where you or

3   Officer Connelly searched the vehicle?

4          A.    Yes, ma'am.

5          Q.    And were you involved in that search?

6          A.    The trunk portion.

7          Q.    So you weren't involved in the search of

8   the body of the car?

9          A.    The passenger's compartment, no.

10         Q.    Only the passenger compartment was

11  searched?

12         A.    No, I -- I searched the rear.  I wasn't

13  involved in the passenger compartment, meaning the

14  driver's side, rear seat and passenger's seat.

15         Q.    Okay.

16         A.    Yeah, I didn't.

17         Q.    Where were you standing while that

18  search was taking place?

19         A.    At the trunk.

20         Q.    And where was Officer Connelly?

21         A.    Between the passenger's side and the

22  driver's side.  He was conducting his search.  I

23  don't know exactly, you know, where he was.  While

24  I was at the trunk, he was one side to the other.

25         Q.    So how did you get from the passenger's

1   side of the vehicle to the trunk?

2        A.   Walked.

3        Q.   How long were you observing the

4   marijuana residue in the console before you walked

5   to the trunk?

6        A.   Maybe a minute or so.  I mean, he

7   pointed it out, I saw it and confirmed, yes, I

8   believe that to be marijuana by the way it looked

9   and being able to smell marijuana coming from the

10  vehicle, a minute or two.

11       Q.   Was the window rolled up or down?

12       A.   It was up.

13       Q.   The passenger side window was up?

14       A.   Yes, the passenger side window.

15       Q.   Do you recall if the driver's side

16  window was up or down?

17       A.   I don't recall.

18       Q.   And I want to make sure that I have a

19  clear picture of what you and Officer Connelly

20  discussed while you were observing the marijuana

21  residue.

22            What, if anything, did he say to you?

23       A.   He didn't say much other than that looks

24  to be marijuana to me that's in plain view, and I

25  confirmed what he suspected.

```
1                        CERTIFICATE

2          This certification is valid only for a
     transcript accompanied by my original signature
3    and original required seal on this page.

4          I, Audie Virginia Brooks, Certified Court
     Reporter, in and for the State of Louisiana, as
5    the officer before whom this testimony was taken,
     do hereby certify that JOHN GAUDET, after having
6    been duly sworn by me upon authority of
     R.S. 37:2554, did testify as hereinbefore set
7    forth in the foregoing 94 pages;

8          That this testimony was reported by me in the
     stenographic reporting method, was prepared and
9    transcribed by me or under my personal direction
     and supervision, and is a true and correct
10   transcript to the best of my ability and
     understanding; that the forgoing transcript has
11   been prepared in compliance with transcript format
     guidelines required by statute or by Rules of the
12   Louisiana Certified Shorthand Reporter Board; and
     that I am informed about the complete arrangement,
13   financial or otherwise, with the person or entity
     making arrangements for deposition services; that
14   I have acted in compliance with the prohibition on
     contractual relationships, as defined by Louisiana
15   Code of Civil Procedure Article 1434 and in rules
     and advisory opinions of the board; that I have no
16   actual knowledge of any prohibited employment or
     contractual relationship, direct or indirect,
17   between a court reporting firm and any party
     litigant in this matter, nor is there any such
18   relationship between myself and a party litigant;
     that I am not related to counsel or to the parties
19   herein, nor am I otherwise interested in the
     outcome of this matter.
20
           This the 14th day of September, 2023.
21
22   _____

23   AUDIE VIRGINIA BROOKS, CCR
     Louisiana Certification No. 2010023
24

25
```