# Exhibit D

**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**NIA MILLS**                                                            **CASE NO. 22-193-BAJ-EWD**

**v.**

**WILLIAM ALLEN CONNELLY, ET AL.**

---

**WILLIAM ALLEN CONNELLY'S RESPONSES TO PLAINTIFF'S INTERROGATORIES, SET TWO**

---

**NOW COMES** William Allen Connelly who, through undersigned counsel, propounds these responses to Plaintiff's Second Set of Interrogatories, which were previously served upon him:

**INTERROGATORY NO. 12**

DESCRIBE what procedure YOU followed when impounding the SUBJECT VEHICLE, including any odometer or gas tank notations, where you directed the SUBJECT VEHICLE to be stored, where you maintained the keys to the SUBJECT VEHICLE, and whether you drove the SUBJECT VEHICLE at any time during the seizure of the SUBJECT VEHICLE.

**RESPONSE TO INTERROGATORY NO. 12**

Defendant objects to Interrogatory Number 12 insofar as he did not "impound" the subject vehicle. Subject to and without waiving the aforementioned objection, Defendant completed a "Vehicle Storage, Wrecker Request, and Inventory Record," which is already in Plaintiff's possession and is attached as ATTACHMENT 1 to Plaintiff's Second Set of Interrogatories directed to William Allen Connelly. He did not: 1) note any odometer or gas tank records; 2) provide any direction as to where the subject vehicle was to be stored; or 3) drive the subject

vehicle at any time. He believes the keys to the subject vehicle were left in the vehicle by the company that towed the vehicle.

**INTERROGATORY NO. 13**

DESCRIBE what actions you took, if any, to replace any displaced parts of the SUBJECT VEHICLE's trunk, or any time you accessed the SUBJECT VEHICLE between March 26, 2021 and April 23, 2021.

**RESPONSE TO INTERROGATORY NO. 13**

To Defendant's knowledge, no portion of the trunk was displaced. The only time he accessed the subject vehicle was during the vehicular search which occurred at the time of the subject traffic stop.

**INTERROGATORY NO. 14**

IDENTIFY ANY PERSON whom YOU are aware or have reason to believe accessed or drove the SUBJECT VEHICLE between March 26, 2021 and April 23, 2021.

**RESPONSE TO INTERROGATORY NO. 14**

Defendant personally observed Plaintiff drive the subject vehicle on March 26, 2021. He has no independent knowledge of who else may have accessed or driven the subject vehicle between March 26, 2021, and April 23, 2021.

**INTERROGATORY NO. 15**

IDENTIFY the procedure YOU followed on March 26, 2021 when completing the DOCUMENT produced in this litigation as PLAINTIFF_0000010-14 (Attached hereto as ATTACHMENT 2).

**RESPONSE TO INTERROGATORY NO. 15**

Defendant objects to Interrogatory Number 15 insofar as the document referenced as ATTACHMENT 2 appears to be an incomplete copy of the document.  Subject to and without waiving that objection, Defendant held the referenced in his hand. Defendant walked to a chair.  He sat down in the chair.  He placed the document referenced as ATTACHMENT 2 on a flat surface.  He held an ink pen.  He read the document referenced as ATTACHMENT 2.  He noted those portions of the document referenced as ATTACHMENT 2 which required his input.  He held the ink pain and, through controlled use of his hand, completed those portions of the document referenced as ATTACHMENT 2, which required additional information.

**INTERROGATORY NO. 16**

IDENTIFY YOUR handwriting on PLAINTIFF_0000010, PLAINTIFF_0000012 and YOUR signature as "Seizing Agent" on PLAINTIFF_0000014.

**RESPONSE TO INTERROGATORY NO. 16**

Defendant objects to Interrogatory Number 16 insofar as those documents referenced as PLAINTIFF_0000010, PLAINTIFF_0000012 and PLAINTIFF_0000014 (presumably-the bates number is cut off) appear to be incomplete versions of those documents.  Subject to and without waiving the aforementioned objection, Defendant completed the non-typed portion of that document except for the sections entitled "Signature of Person Receiving Service" and "Signature of Witness to Service."  Further, Defendant did not seize the funds referenced in the complete version of that document.  He was merely a signatory on the document entitled "Notice of Pending Forfeiture," which was directed to Nia Mills and is referenced as Plaintiff's Bates Numbers PLAINTIFF_0000010, PLAINTIFF_0000011, PLAINTIFF_0000012, PLAINTIFF_0000013 and PLAINTIFF_0000014.

        Respectfully submitted,

        FROSCH, RODRIGUE, ARCURI LLC

        _s/ Jason P. Wixom_
        BLAKE J. ARCURI (LSBN #32322)
        LAURA C. RODRIGUE (LSBN #30428)
        JASON P. WIXOM (LSBN #32273)
        1615 Poydras Street, Suite 1250
        New Orleans, Louisiana 70112
        Tel: (504) 592-4600 Fax: (504) 592-4641
        **COUNSEL FOR WILLIAM CONNELLY**
        Email: barcuri@fralawfirm.com
              lrodrigue@fralawfirm.com
              jwixom@fralawfirm.com

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 16th day of February, 2024, a copy of the foregoing was sent to Plaintiff's counsel via email.

        _s/ Jason P. Wixom_