# Exhibit E

## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

NIA MILLS                                                        CASE NO. 22-193-BAJ-EWD

v.

WILLIAM ALLEN CONNELLY, ET AL.

---

### SHERIFF MIKE CAZES' RESPONSES TO PLAINTIFF'S INTERROGATORIES, SET TWO

---

**NOW COMES** Sheriff Mike Cazes who, through undersigned counsel, propounds these responses to Plaintiff's Second Set of Interrogatories, which were previously served upon him:

**INTERROGATORY NO. 12**

IDENTIFY all officers, agents, employees of WBRSO who had control of or access to the SUBJECT VEHICLE from March 26, 2021 to April 23, 2021. Please state each and every time an employee or agent of the WBRSO accessed said vehicle.

**RESPONSE TO INTERROGATORY NO. 12**

Defendant objects to Interrogatory Number 12 insofar as the terms "control" and "access" are unduly vague. Subject to, and without waiving the aforementioned objection, Defendant does not have independent knowledge regarding who had control of or access to the SUBJECT VEHICLE from March 26, 2021, to April 23, 2021, or if an employee or agent of WBRSO accessed said vehicle. Defendant has been sued in his official capacity only and did not have any involvement in the traffic stop that is the subject of this litigation or any searches which are at issue in this litigation. However, per information provided by John Barker, William Allen Connelly and John Gaudet accessed the vehicle during the traffic stop that is the subject of this litigation. Per

this knowledge, no agent or employee of WBRSO entered or re-accessed the vehicle after the subject traffic stop occurred.

**INTERROGATORY NO. 13**

IDENTIFY any other PERSON whom YOU are aware had access to or control of the SUBJECT VEHICLE from March 26, 2021 to April 23, 2021.

**RESPONSE TO INTERROGATORY NO. 13**

Defendant objects to Interrogatory Number 13 insofar as the terms "control" and "access" are unduly vague. Subject to, and without waiving the aforementioned objection, Defendant does not have independent knowledge regarding who had control of or access to the SUBJECT VEHICLE from March 26, 2021, to April 23, 2021. Defendant has been sued in his official capacity only and did not have any involvement in the traffic stop that is the subject of this litigation or any searches which are at issue in this litigation. However, per information provided by Barker, presumably, individuals employed by the towing company that removed the vehicle from the interstate and/or the rental company from which Plaintiff rented the vehicle would have had access to the subject vehicle. Those persons' identities are unknown and no documentation exists to Defendant's knowledge showing who those persons might be.

**INTERROGATORY NO. 14**

IDENTIFY all officers, agents, employees of WBRSO who communicated with Hertz, Inc. regarding the SUBJECT VEHICLE. State the dates of such COMMUNICATIONS and the names of the Hertz agents with whom those COMMUNICATIONS took place.

**RESPONSE TO INTERROGATORY NO. 14**

Defendant does not have independent knowledge regarding any officers, agents, employees of WBRSO who may have communicated with Hertz, Inc. regarding the SUBJECT VEHICLE,

the dates of such communications or the Hertz agents with whom the communications took place. Defendant has been sued in his official capacity only and did not have any involvement in the traffic stop that is the subject of this litigation or any searches which are at issue in this litigation, and, presumably, Plaintiff is capable of utilizing other discovery methods which may be directed to Hertz, Inc., to obtain this information.

However, per information provided by John Barker, the identity of the person who contacted Hertz is unknown and he is unaware of any documentation which would reveal the identify of this person. It is possible an employee of the wrecker company contacted Hertz directly, but that is speculation. It is also possible somebody from dispatch contacted Hertz, but that is also speculation. Individuals acting as dispatchers are not employees of the West Baton Rouge Parish Sheriff's Office.

**INTERROGATORY NO. 15**

IDENTIFY all officers, agents, employees of WBRSO who communicated with Road Runner regarding the SUBJECT VEHICLE. State the dates of such COMMUNICATIONS and the names of the Roadrunner agents with whom those COMMUNICATIONS took place.

**RESPONSE TO INTERROGATORY NO. 15**

Defendant does not have independent knowledge regarding any officers, agents, or employees of WBRSO who may have communicated with Road Runner regarding the SUBJECT VEHICLE, the dates of such communications, or the Roadrunner agents with whom the communications may have occurred. Defendant has been sued in his official capacity only and did not have any involvement in the traffic stop that is the subject of this litigation or any searches which are at issue in this litigation, and, presumably, Plaintiff is capable of utilizing other discovery methods which may be directed to Roadrunner, to obtain this information.

However, per information provided by John Barker, Road Runner would have likely been contacted by a dispatcher, who is not employed by WBRSO.

**INTERROGATORY NO. 16**

IDENTIFY AND DESCRIBE the location where the SUBJECT VEHICLE was impounded or held and for how long. If the SUBJECT VEHICLE was held by a third party contracted by YOU, please provide the name and contact information for that third party.

**RESPONSE TO INTERROGATORY NO. 16**

Defendant does not have independent knowledge regarding where the subject vehicle was impounded or held and for how long. Defendant has been sued in his official capacity only and did not have any involvement in the traffic stop that is the subject of this litigation or any searches that are at issue in this litigation, and, presumably, Plaintiff is capable of utilizing other discovery methods which may be directed to Roadrunner, to obtain this information. Per John Barker, this information is unknown as the vehicle was not in the possession of WBRSO after it was taken from the West Baton Rouge Parish Sheriff's Office. Further, the subject vehicle was not held by a third party contracted by Defendant. No such contract exists.

**INTERROGATORY NO. 17**

If an officer, agent or employee of WBRSO or ANY PERSON of whom YOU are aware drove the SUBJECT VEHICLE, please state the name of the individual who drove the SUBJECT VEHICLE, the dates when that individual drove the SUBJECT VEHICLE, where the SUBJECT VEHICLE was driven, how many miles it was driven, and the date it was returned to WBRSO.

**RESPONSE TO INTERROGATORY NO. 17**

Defendant objects to Interrogatory Number 17 insofar as it is overly broad, unduly vague, and non-specific regarding place and time. Further, Defendant does not have independent

knowledge of who, if anyone, drove the subject vehicle at any time. Defendant has been sued in his official capacity only and did not have any involvement in the traffic stop that is the subject of this litigation or any searches that are at issue in this litigation, and, presumably, Plaintiff is capable of utilizing other discovery methods to determine who drove the vehicle after it was removed from the West Baton Rouge Parish Sheriff's Office. Subject to and without waiving the aforementioned objections, the vehicle referenced in Interrogatory Number 17 was, presumably, accessed by individuals before the traffic stop that is the subject of this litigation. The identities of those persons are unknowable to Defendant. However, it is apparent Plaintiff drove the vehicle. Per information provided by John Barker, no WBRSO employee drove the subject vehicle.

Respectfully submitted,

FROSCH, RODRIGUE, ARCURI LLC

 s/ *Jason P. Wixom*
BLAKE J. ARCURI (LSBN #32322)
LAURA C. RODRIGUE (LSBN #30428)
JASON P. WIXOM (LSBN #32273)
1615 Poydras Street, Suite 1250
New Orleans, Louisiana 70112
Tel: (504) 592-4600 Fax: (504) 592-4641
COUNSEL FOR SHERIFF MIKE CAZES
Email: barcuri@fralawfirm.com
          lrodrigue@fralawfirm.com
          jwixom@fralawfirm.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 16th day of February, 2024, a copy of the foregoing was sent to Plaintiff's counsel via email.

       s/ *Jason P. Wixom*